## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 14-1098, Robert Donnert, et al. v. Feld Entertainment, Inc. |
| **Originating No. & Caption** | 1:13cv0040, Robert Donnert, et al. v. Feld Entertainment, Inc. |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of Virginia |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | January 7, 2014 | |
| Date notice of appeal or petition for review filed | February 3, 2014 | |
| If cross appeal, date first appeal filed | N/A | |
| Date of filing any post-judgment motion | N/A | |
| Date order entered disposing of any post-judgment motion | N/A | |
| Date of filing any motion to extend appeal period | N/A | |
| Time for filing appeal extended to | N/A | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ◉ Yes | ○ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ⦿ Yes | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | N/A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Robert Donnert and David Donnert ("the Donnerts") are former employees of Feld Entertainment, Inc. d/b/a Ringling Bros. and Barnum & Bailey Circus ("FEI"), whom FEI contracted to perform two discrete acts -- a juggling on horseback routine and a comedy horse routine -- as part of a much larger show on one of its traveling circus units. |
| On January 9, 2011, FEI terminated the Donnerts' Employment Contract, thereby also terminating a Lease of their horses and acts, after the Donnerts informed FEI that they refused to perform their comedy horse routine in the slot of the show assigned to them by FEI, which slot followed the conclusion of a separate tiger act.  Prior to terminating them, FEI had attempted to work with the Donnerts and had offered them three options to try to make the relationship work.  These three options, all of which were rejected by the Donnerts, were as follows: the Donnerts could (i) present their juggling on horseback routine while practicing, but not performing, their comedy horse routine for full pay; (ii) perform only the juggling on horseback act, but not perform the comedy horse routine, for less pay; or (iii) present only the juggling on horseback act for full pay until such time as the Donnerts could find employment elsewhere.  (See additional page attached.) |

**Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary)

1)  Whether the District Court erred by denying FEI's Motion for Summary Judgment (in part) and FEI's Motion for Judgment as a Matter of  Law with respect to Counts I (Breach of Employment Contract) and Count II (Breach of Lease) when the undisputed evidence demonstrated that the Donnerts breached the contractual requirement that they perform as directed by FEI, thereby providing FEI with cause to terminate the Employment Contract and Lease?

2)  Whether the District Court erred in instructing the jury that FEI had a duty of good faith and fair dealing when the law and the evidence did not support the instruction and the Donnerts had failed to plead or prove that FEI breached any such implied duty?

3)  Whether the District Court erred in instructing the jury that "a party to a contract who prevents the other party from performing his obligations has breached that contract" when FEI's actions, which the Donnerts claimed prevented their performance, were permitted by the parties' contracts?

4)  Whether the District Court erred in denying FEI's Motion for Judgment as a Matter of Law at the close of the Donnerts' case when the Donnerts failed to present evidence of damages?

5)  Whether the District Court erred in denying FEI's Motion for a New Trial when the Donnerts and their counsel made repeated, prejudicial remarks during trial regarding excluded evidence?

---

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Robert Donnert | Adverse Party:  David Donnert |
| Attorney: Craig D. Roswell, Esq.; Jason Setty, Esq.<br>Address:  Niles, Barton & Wilmer, LLP<br>111 S. Calvert St.<br>Suite 1400<br>Baltimore, MD 21202 | Attorney: Craig D. Roswell, Esq.; Jason Setty, Esq.<br>Address:  Niles, Barton & Wilmer, LLP<br>111 S. Calvert St.<br>Suite 1400<br>Baltimore, MD 21202 |
| E-mail: cdroswell@nilesbarton.com | E-mail: cdroswell@nilesbarton.com |
| Phone: 410-783-6300 | Phone: 410-783-6300 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:<br><br>(additional counsel for Robert Donnert) | Adverse Party:<br><br>(additional counsel for David Donnert) |
| Attorney: R. Wayne Pierce, Esq.<br>Address:  The Pierce Law Firm, LLC<br>133 Defense Highway<br>Suite 106<br>Annapolis, MD 21401 | Attorney: R. Wayne Pierce, Esq.<br>Address:  The Pierce Law Firm, LLC<br>133 Defense Highway<br>Suite 106<br>Annapolis, MD 21401 |
| E-mail: wpierce@adventurelaw.com | E-mail: wpierce@adventurelaw.com |
| Phone:  410-573-9955 | Phone:  410-573-9955 |

| Appellant (Attach additional page if necessary.) | |
|---|---|
| Name:  Feld Entertainment, Inc. d/b/a<br>Ringling Bros. and Barnum & Bailey Circus<br>Attorney: William B. Porter, Esq.; Laurie L Proctor<br>Address: Blankinship & Keith, P.C.<br>　　　　4020 University Drive, Suite 300<br>　　　　Fairfax, Virginia 22030<br><br><br>E-mail: wporter@bklawva.com<br><br>Phone: 703-691-1235 | Name:<br><br><br>Attorney:<br>Address:<br><br><br><br><br><br><br>E-mail:<br><br>Phone: |
| Appellant (continued) | |
| Name:<br><br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

| | |
|---|---|
| **Signature:**  William B. Porter<br><small>Digitally signed by William B. Porter<br>DN: cn=William B. Porter, o=Blankinship & Keith, P.C., ou,<br>email=wporter@bklawva.com, c=US<br>Date: 2014.02.18 15:02:12 -05'00'</small> | **Date:**  2/18/2014 |
| **Counsel for:** Appellant Feld Entertainment, Inc. | |

**Certificate of Service**: I certify that on _____2/18/2014_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

| | |
|---|---|
| Craig D. Roswell, Esquire<br>Jason M. Setty, Esquire<br>NILES, BARTON & WILMER, LLP<br>111 S. Calvert Street, Suite 1400<br>Baltimore, Maryland  21202<br>Phone:  (410) 783-6300<br>cdroswell@nilesbarton.com<br>Counsel for Robert and David Donnert | R. Wayne Pierce, Esquire<br>THE PIERCE LAW FIRM, LLC<br>133 Defense Highway, Suite 106<br>Annapolis, Maryland  21401-7015<br>Phone:  (410) 573-9955<br>Fax:  (410) 573-9956<br>wpierce@adventurelaw.com<br>Counsel for Robert and David Donnert |
| Signature:  William B. Porter<br><small>Digitally signed by William B. Porter<br>DN: cn=William B. Porter, o=Blankinship &<br>Keith, P.C., ou, email=wporter@bklawva.com,<br>Date: 2014.02.18 15:02:57 -05'00'</small> | Date: February 18, 2014 |

**Nature of Case (Continued)**

On January 9, 2013, the Donnerts filed a complaint against FEI, alleging that FEI wrongfully terminated their Employment Contract and Lease, breached the parties' agreements as to their pay, and violated the Occupational Safety and Health Act ("OSHA") as well as an equivalent statute under Florida state law.

Following the District Court's order granting in part FEI's Motion to Dismiss on June 14, 2013, and its order granting in part FEI's Motion for Summary Judgment on October 15, 2013, the sole issue remaining for trial was whether FEI had properly terminated the Donnerts' Employment Contract and Lease.

A three day jury trial began on November 12, 2013. At the close of the Donnerts' case, FEI made a Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure, which the court took under advisement. On November 15, 2013, the jury returned a verdict in favor of the Donnerts, awarding $30,800 each to Robert Donnert and David Donnert for breach of the Employment Contract and $26,400 each to Robert Donnert and David Donnert for breach of the Lease.

Following the verdict, the District Court ordered the parties to file briefs relating to FEI's pending Rule 50 Motion by the following Wednesday, November 20, 2013. On November 20, 2013, FEI filed its renewed Motion for Judgment as a Matter of Law pursuant to Rule 50 and, in the alternative, it moved the court for a new trial pursuant to Rules 50 and 59 of the Federal Rules of Civil Procedure.

On January 3, 2014, the District Court entered an order denying FEI's Motion for Judgment as a Matter of Law or, in the alternative, Motion for New Trial. On January 7, 2014, the clerk entered judgment in this matter in accordance with the verdict of the jury.

# FOURTH CIRCUIT TRANSCRIPT ORDER FORM

Case Style  Robert Donnert, et al. v. Feld Entertainment, Inc., d/b/a Ringling Bros. and Barnum & Bailey Circus

Dist. Ct. No.  1:13cv40        District  Eastern District of Virginia (Alexandria Division)

Date Notice of Appeal filed      02/03/14       Court of Appeals No.  14-1098

Name of Court Reporter/Electronic Rec. (use separate form for each reporter) Michael A. Rodriguez

Address of Reporter  401 Courthouse Square, 2nd Floor, Alexandria, VA 22314

Appellant must order any necessary transcript, completing a separate transcript order form (and separate CJA 24 Form) for each reporter and submitting the order to the court reporter and the district court within 14 days of noting the appeal. The completed form must show that necessary financial arrangements have been made or that the original CJA 24 Form has been submitted to the district court clerk. Copies of the transcript order form must be attached to the docketing statement filed in the Court of Appeals and served on opposing counsel within 14 days of docketing of the appeal, or the appeal will be subject to dismissal pursuant to Local Rule 45. If appellee finds other parts of the proceedings necessary, appellee must designate the additional parts within 14 days after service of the transcript order. If appellant has not ordered the additional parts within 14 days, appellee may, within the following 14 days, order the additional parts or move in the district court for an order requiring appellant to do so. In sentencing appeals, a transcript of the sentencing hearing must be ordered. In Anders appeals, plea (or trial) and sentencing transcript must be ordered. If appellee wishes to obtain a copy of transcript ordered by appellant, appellee must order a copy from the court reporter. In multi-defendant cases involving CJA defendants, only one original trial transcript should be purchased from the court reporter on behalf of CJA defendants, and copies should thereafter be made at commercially competitive rates. Counsel must review transcript and notify the district court of any intention to direct redaction of personal data identifiers within 7 days of filing of the transcript, and thereafter submit a statement of redactions to the court reporter within 21 days of filing of the transcript, as required by the Judicial Conference Policy on Privacy and Public Access to Electronic Case Files. Counsel should verify that the witness name and type of examination appear in the top margin of each page of testimony, as required for inclusion in the appendix on appeal. Local Rule 30(b).

A.   This constitutes an order of the transcript of the following proceedings. Check appropriate box(es), provide date of hearing, and indicate total number of estimated pages. Failure to specify in adequate detail the proceedings to be transcribed is grounds for dismissal. Specific authorization is required under the CJA for opening and closing statements, voir dire, or jury instructions.

| PROCEEDING | HEARING DATE(S) |
|---|---|
| ☑ Voir Dire | 11/12/13 |
| ☑ Opening Statement (Plaintiff) | 11/12/13 |
| ☑ Opening Statement (Defendant) | 11/12/13 |
| ☑ Closing Argument (Plaintiff) | 11/14/13 |
| ☑ Closing Argument (Defendant) | 11/14/13 |
| ☑ Opinion of Court | 11/14/13 |
| ☑ Jury Instructions | 11/14/13 |
| ☐ Sentencing | |
| ☐ Bail Hearing | |
| ☑ Pre-Trial Proceedings (specify) | 10/4/13 (previously ordered and filed) |
|   Summary Judgment | |
| ☐ Testimony (specify) | |
| | |
| ☑ Other (specify) | |
|   Full Trial | 11/12/13 - 11/15/13 |

**TOTAL ESTIMATED PAGES**  600

B.   I certify that I have contacted the court reporter (or court reporter coordinator if electronic recording) and satisfactory financial arrangements for payment of the transcript have been made.

☑  Private funds. (Deposit of $ 2,800 enclosed with court reporter's copy. Check No. 100124 .)

☐  Criminal Justice Act. The original CJA 24 Form has been submitted to the district court clerk and a copy is attached.

☐  Government expense (civil case--IFP). Motion for transcript at government expense is pending with district judge.

☐  Advance payment waived by court reporter. Payment in full is due upon receipt of transcript.

☐  Federal Public Defender - no CJA 24 Form necessary.

☐  United States appeal - copy of litigation expense form attached, if applicable.

Signature  **William B. Porter**   <small>Digitally signed by William B. Porter<br>DN: cn=William B. Porter, o=Blankingship & Keith, P.C.,<br>ou, email=wporter@bklawva.com,<br>c=US<br>Date: 2014.02.18 13:34:36 -05'00'</small>    Typed name  William B. Porter

Address  4020 University Drive, Suite 300, Fairfax, Virginia 22030

Email  wporter@bklawva.com        Telephone No.  (703) 691-1235

Date Sent to Reporter 02/18/14

CAD
09/28/2012